```
            IN THE UNITED STATES DISTRICT COURT FOR
              THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
                               :
       v.                      :
                               : No. 4:18-CR-374
LAMONT PAYNE,                  :
                               : (Magistrate Judge Arbuckle)
              Defendant.       :
                               : Judge Brann
```

**MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER**

Defendant Lamont Payne, by and through his undersigned counsel, hereby moves for review and revocation of detention and for the Court to revoke the order of detention pursuant to 18 U.S.C. §§ 3142, 3143, 3145, the Fifth, Sixth and Eighth Amendments to the United States Constitution, respectfully represents the following:

1. In 1998, then-20 year old Lamont Payne was sentenced to approximately 22 years for armed robbery in the District of Columbia.

2. On October 8, 2018, while an inmate serving that sentence at USP Allenwood, Mr. Payne and another individual Floyd Long, were charged with Possession of Contraband in Prison, pursuant to 18 U.S.C. § 1791. Notably, the item possessed, - a handmade sharpened piece of plastic – was not used in any way.

3. On November 26, 2018, an initial appearance and arraignment was held before Magistrate Judge Arbuckle.

4. Given that Mr. Payne was still serving his 1997 sentence, Mr. Payne did not contest detention at that

juncture, but reserved the right to challenge it.

5. The Court ordered detention based solely on the fact that Mr. Payne was already serving a federal sentence. No other factor was identified in favor of detention. (Doc. 16).

6. On January 29, 2020, Mr. Payne entered a guilty plea before the Court to a single count of Possession of Contraband.

7. Among other things, the negotiated plea agreement called for a range of six months below the bottom of the guideline to the bottom of the guideline range.

8. A pre-sentence report ("PSR") was ordered and prepared.

9. At the moment, without any objections, the present advisory guidelines are 12 to 18 months. (PSR ¶58).

10. Mr. Payne is awaiting sentencing.

11. Mr. Payne completed his 1997 federal D.C. sentence on April 21, 2020.

12. He has been released from BOP custody (from FCI Pollock) and is being detained only on the original detention order in this case.

13. Mr. Payne is currently confined at the St. Martin Parish Correctional Center in St. Martinsville, Louisiana.

14. While awaiting sentencing, Mr. Payne is neither a flight risk nor a danger to the community and should be released.

15. Mr. Payne is 43 years old.

16. He has served approximately 22 years in federal prison.

17. Mr. Payne has only a junior high school education.

18. Mr. Payne is disabled, learning-impaired with a full-scale IQ of 61, and was receiving Social Security Income due to that disability prior to his incarceration. (PSR ¶¶ 51, 53)

19. Mr. Payne was born and raised in the District of Columbia and has significant and lifetime ties to the D.C. area, including his mother Celeste Payne, his father Charles Clock, paternal grandmother, Elizabeth Clock and one surviving sibling, Antonio Payne.

20. All of his family remains supportive of him. His mother, Celeste has worked for the federal government (Government Publishing Office) for 37 years. She has agreed to be Mr. Payne's third-party custodian.

21. If released, Mr. Payne would reside with his grandmother Elizabeth Clock.

22. Mr. Payne has been exploring (and may have) employment at his brother's security guard employer.

23. Mr. Payne is represented by local counsel.

24. In addition to his intellectual disability, Mr. Payne has asthma, was diagnosed with a seizure disorder as a child, and suffers from chronic pain as the result of being shot twice.

25. Of course the United States and the rest of the world are facing a serious and urgent public health crisis.

26. On March 11, 2020, the World Health Organization ("WHO") officially classified COVID-19, a new strain of the coronavirus, as a global pandemic.

27. The exponential rate of coronavirus infection is unparalleled.

28. The novel coronavirus has infected more than 880,000 people in the United States and has resulted in over 50,000 deaths thus far.

29. The Centers for Disease Control ("CDC") has issued guidance to take immediate preventive actions, including avoiding crowded areas, social distancing measures, avoiding non-essential travel, and staying home as much as possible.

30. Pennsylvania Governor Tom Wolf declared a state of emergency that has closed all "nonessential businesses" in the state.

31. The Pennsylvania Supreme Court has likewise ordered all Pennsylvania courts closed except for essential functions.

32. In this district, multiple standing orders signed by Chief Judge Conner have been issued recognizing the significant health concerns caused by COVID-19 and disruption of normal courthouse operations in the Middle District of Pennsylvania. The Court also recognized that the CDC, as well as state health authorities advised that precautions be taken to avoid exposure to the virus and prevent its spread.

33. The Federal Bureau of Prisons, Pennsylvania Department of Corrections and local county jails have all suspended legal contact visits, and implemented other restrictive measures to stop the spread of the virus.

34. St. Martin Parish, Louisiana has 218 reported coronavirus cases and 14 deaths. See www.ldh.la.gov/coronavirus.

35. All of these measures are unprecedented, to say the least.

36. Pre-trial conditions of confinement create the ideal environment for transmission of COVID-19 and prisons and jails are especially vulnerable.

37. Mr. Payne's compromised medical state (asthma) place him in a higher-risk category of contracting COVID-19.

38. There are conditions available that can be imposed that will reasonably assure Mr. Payne's appearance, including a responsible third-party custodian (his mother), electronic monitoring, and pre-trial services supervision.

39. In addition, upon his release, Mr. Payne is already required to report to the D.C. federal probation office to commence five years of court-ordered supervised release. (PSR ¶ 26).

40. Finally, even applying the applicable sentencing guidelines on the current case as-is, Mr. Payne would be eligible for electronic monitoring/home confinement. (PSR ¶ 58); see also U.S.S.G. § 5C1.1.

41. Assistant United States Attorney Alisan Martin has been contacted and has stated that she "can't concur" in the foregoing motion.

WHEREFORE, Mr. Payne respectfully requests that the Court grant a prompt telephonic hearing/conference on the matter and after said hearing, grant his motion for review and revocation and release him pending disposition in this case under any conditions that the Court may deem just and appropriate.

Dated:    April 24, 2020

                        MIELE & RYMSZA, P.C.

                        By:  <u>s/ Edward J. Rymsza</u>
                             Edward J. Rymsza, Esq.
                             Pa. I.D. No. 82911
                             Attorney for Defendant
                             125 East Third Street
                             Williamsport, PA  17701
                             (570) 322-2113
                             (570) 322-8813(facsimile)
                             Rymsza@comcast.net

**CERTIFICATE OF SERVICE**

I, Edward J. Rymsza, Esq., hereby certify that on this 24th day of April 2020, I served the foregoing Motion for Review and Revocation of Detention Order upon Alisan Martin, Esq. by electronic mail.

Dated:   April 24, 2020

                        MIELE & RYMSZA, P.C.

                By:   s/ Edward J. Rymsza
                     Edward J. Rymsza, Esq.
                     Pa. I.D. No. 82911
                     Attorney for Defendant
                     125 East Third Street
                     Williamsport, PA  17701
                     (570) 322-2113
                     (570) 322-8813(facsimile)
                     Rymsza@comcast.net